VANESSA QUINTERO,

    Plaintiff,

v.                                                Cause No.: 3:20-cv-00251

STATE OF TEXAS - HEALTH AND HUMAN SERVICES COMMISSION,

    Defendant.

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, VANESSA QUINTERO ("Employee Quintero" or "Plaintiff"), now complains of Defendant, STATE OF TEXAS - HEALTH AND HUMAN SERVICES COMMISSION ("Employer Texas Health Commission" or "Defendant"), and respectfully shows the Court and jury as follows:

### I. PARTIES

1. Plaintiff, Vanessa Quintero, is a natural person residing in El Paso County, Texas.

2. State of Texas, by and through, the Texas Health and Human Services Commission is a state of the United States of America and may be served with process by serving its agent for service of process in this cause, Executive Commissioner Cecile Erwin Young, at Brown-Heatly Building, 4900 N. Lamar Blvd., Austin, TX 78751.

### II. JURISDICTION

3. Jurisdiction is predicated on Federal Question jurisdiction, 28 U.S.C. 1331, and Supplemental Jurisdiction, 28 U.S.C. 1367.

### III. CHRONOLOGY OF FACTS

4. Employers MUST prevent discrimination against pregnant employees to protect such employees from financial losses and emotional harms due to job loss.

5. Employers MUST prevent retaliation against pregnant employees by supervisors who complain of pregnancy discrimination by supervisors to protect such employees from financial losses and emotional harms due to job loss.

6. The State of Texas' Health and Human Services Commission (Texas Health Commission) is an employer.

7. Employer Texas Health Commission MUST prevent discrimination against pregnant employees to protect such employees from financial losses and emotional harms due to job loss.

8. Employer Texas Health Commission MUST prevent retaliation against pregnant employees who complain of pregnancy discrimination by supervisors to protect such employees from financial losses and emotional harms due to job loss.

9. On January 1, 2019, the Texas Health Commission hires an Employee as a Pharmacy Technician.

10. On January 14, 2019, the Texas Health Commission's Supervisor Patty Dominguez receives notice from the Employee that the Employee is pregnant. After receiving notice of the Employee's pregnancy, Supervisor Dominguez gets upset, gets quiet, and turns away from the Employee, before stating that there are two other pregnant employees in the department.

11. On January 14, 2019, Supervisor Dominguez asks the Employee why the Employee did not tell Supervisor Dominguez that she was pregnant during her job interview.

12. After receiving notice of the Employee's pregnancy, Supervisor Dominguez tells individuals that there is an "issue in the pharmacy" with pregnancies and two technicians will be out at the same time for pregnancies.

13. On January 17, 2019, Supervisor Dominguez and the Health Commission's Superintendent Zulema Carrillo pull the Employee out of orientation and ask how much time the Employee is planning to take for maternity leave. Supervisor Dominguez and Superintendent Carrillo receive notice that the Employee's doctor completed an FMLA request for 6 weeks leave for the Employee's previous pregnancy, however the Employee had a c-section and required 12 weeks of leave.

14. On January 17, 2019, Supervisor Dominguez and Superintendent Carrillo receive the Employee's notice that the Employee will return to work as soon as the Employee is able. Supervisor Dominguez corrects the Employee and says the Employee will return to work after her doctor releases her.

15. On January 17, 2019, Superintendent Carrillo asks the Employee if she has any medical conditions which prevent the Employee from doing her job, and receives notice that the Employee does not.

16. On January 17, 2019, Superintendent Carrillo asks the Employee if the Employee feels comfortable working at the Health Commission while pregnant, and receives notice that the Employee does.

17. On January 17, 2019, Supervisor Dominguez instructs the Employee to arrive at 7:00 a.m. the next day.

18. On January 18, 2019, Supervisor Dominguez becomes upset when the Employee arrives at 7:00 a.m., and denies telling the Employee to come in at that time.

19. After receiving notice of the Employee's pregnancy, Supervisor Dominguez does not allow the Employee to leave for doctor appointments, but allows other employees who are not pregnant to take time off for doctor's appointments, and requires the Employee to schedule

appointments before or after her shifts which are either from 7:00 a.m. to 3:30 p.m. or 9:30 a.m. to 6:00 p.m.

20. On February 12, 2019, Supervisor Dominguez tells the Employee there is an error on the schedule and instead of the Employee working her scheduled 7:00 a.m. to 3:30 p.m. shift the next day, the Employee will need to work the 9:30 a.m. to 6:00 p.m. shift. Supervisor Dominguez receives the Employee's notice that the Employee will need to find someone to pick up her son the next day, and the Employee will let Supervisor Dominguez know if the Employee is able to change shifts at the last minute.

21. On February 12, 2019, Supervisor Dominguez falsely accuses the Employee of being inflexible and argumentative.

22. After receiving notice of the Employee's pregnancy, Supervisor Dominguez makes changes to the Employee's schedule without informing the Employee, but Supervisor Dominguez does inform other pharmacy technicians who are not pregnant, including Katy Hunter, of the changes.

23. On February 26, 2019, Supervisor Dominguez again asks the Employee how much time the Employee took for maternity leave for her first pregnancy.

24. On April 22, 2019, Supervisor Dominguez receives the Employee's complaint regarding Supervisor Dominguez' treatment of the Employee due to her pregnancy.

25. On April 22, 2019, Supervisor Dominguez again asks the Employee how long the Employee will be on maternity leave.

26. On April 25, 2019, Supervisor Dominguez sends the Employee to meet with Superintendent Carrillo.

27. On April 25, 2019, Texas Health Commission Superintendent Carrillo terminates the Employee.

28. That Employee is Vanessa Quintero.

## V. CAUSES OF ACTION

### A. SEX AND PREGNANCY DISCRIMINATION AND RETALIATION

29. Employer Health Commission discriminated, retaliated against, and fired Employee Quintero in violation of the Texas Commission on Human Rights Act, codified at Texas Labor Code Chapter 21, and Title VII of the Civil Rights Act of 1964, which protect employees from sex and pregnancy discrimination and retaliation.

30. All conditions precedent to the filing of this action have occurred or have been fulfilled.

## VI. NOTICE OF RIGHT TO SUE

31. Attached as Exhibit A is the Notice of Right to Sue issued by the U.S. Equal Employment Opportunity Commission and the Notice of Right to File a Civil Action by the State of Texas for Employee Quintero.

## VII. INJURIES AND ECONOMIC LOSSES

32. Employer Health Commission is liable to Employee Quintero for the damages it caused such as back pay, front pay, and/or lost wages and benefits in the past and future, compensatory damages, including pecuniary damages, emotional trauma due to job loss, mental anguish or emotional pain and suffering inconvenience, and loss of enjoyment of life in the past and in the future.

33. Additionally, Employer Health Commission is liable for punitive damages because Employer Health Commission acted with malice, or, at least, with reckless and/or conscious

indifference to Employee Quintero's state-protected rights to be free from discrimination and retaliation, as contemplated by Texas Labor Code Section 21.2585.

## VIII. JURY DEMAND

34. Employee Quintero demands a trial by jury.

## X. PRAYER

Plaintiff prays that she recover from Defendant statutory and actual damages over $200,000.00 but not more than $1,000,000.00, including but not limited to, past and future lost earnings, mental anguish and inconvenience, emotional pain and suffering, loss of enjoyment of life, bodily injury, pain and suffering, economic damages and benefits in the past and future, compensatory damages, reinstatement, prejudgment interest, post judgment interest, costs and such other and further relief to which she may show herself to be justly entitled, in law and in equity. Damages sought are within the jurisdictional limits of the court.

**SIGNED** this 30th day of September, 2020.

Respectfully submitted,

**CHAVEZ LAW FIRM**
2101 Stanton Street
El Paso, Texas 79902
915/351-7772
915/351-7773 facsimile

By: _____
**Enrique Chavez, Jr.,** State Bar No.: 24001873
enriquechavezjr@chavezlawpc.com
**Michael R. Anderson**, State Bar No.: 24087103
chavezlawfirm+manderson@chavezlawpc.com
*Attorneys for Plaintiff*