# *United States Court of Appeals*
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
Suite 115
**NEW ORLEANS, LA 70130**

September 19, 2023

Mr. Philip Devlin
Western District of Texas, El Paso
United States District Court
525 Magoffin Avenue
Room 108
El Paso, TX 79901-0000

    No. 22-50916   Quintero v. State of Texas
                      USDC No. 3:20-CV-251

Dear Mr. Devlin,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                              Sincerely,

                              LYLE W. CAYCE, Clerk

                              By: _____
                              Renee S. McDonough, Deputy Clerk
                              504-310-7673

cc:
    Mr. Enrique Chavez Jr.
    Mr. Kirk Cooper
    Mr. Drew L. Harris

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
August 15, 2023
Lyle W. Cayce
Clerk

No. 22-50916

VANESSA QUINTERO,

*Plaintiff—Appellant,*

*versus*

STATE OF TEXAS - HEALTH AND HUMAN SERVICES COMMISSION,

*Defendant—Appellee.*

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:20-CV-251

---

Before DUNCAN and WILSON, *Circuit Judges*, and SCHROEDER, *District Judge*.[*]

PER CURIAM:[†]

---

[*] United States District Judge for the Eastern District of Texas, sitting by designation.

[†] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-50916

# I. Background

## A. Factual Background

Appellee-Defendant State of Texas – Health and Human Services Commission ("HHSC") hired Appellant-Plaintiff Vanessa Quintero as a pharmacy technician in January 2019. Appellant was pregnant at the time she was hired—she chose to disclose her pregnancy to her supervisor, Patty Dominguez, a few weeks into her new job. Quintero alleges Dominguez began harassing her because of her pregnancy. Eventually, Quintero was terminated from HHSC for failure to follow instructions and insubordination.

## B. Procedural Background

Quintero brought Title VII and Pregnancy Discrimination Act claims of pregnancy discrimination, hostile work environment, and retaliation against HHSC. HHSC moved for summary judgment on these three claims. The magistrate judge recommended granting HHSC's motion, Quintero did not object to the report and recommendation, and the district judge adopted the magistrate judge's findings in their entirety. Quintero timely appealed.

# II. Jurisdiction

We have jurisdiction because Quintero challenges a final judgment. 28 U.S.C. § 1291.

# III. Discussion

## A. Standard of Review

Quintero argues the grant of summary judgment should be reviewed *de novo* because the district court conducted "an independent review of the record" to determine whether the findings of the report and

Case 3:20-cv-00251-FM   Document 50   Filed 09/19/23   Page 4 of 11
Case: 22-50916   Document: 00516899901   Page: 3   Date Filed: 09/19/2023

No. 22-50916

recommendation were correct. HHSC argues the grant of summary judgment should be reviewed for plain error because Quintero filed no objections to the report and recommendation and the district court explicitly stated it reviewed the report and recommendation for plain error.

Although a grant of summary judgment is typically reviewed *de novo*, plain error review applies where "a party did not object to a magistrate judge's findings of fact, conclusions of law, or recommendation to the district court" despite being "served with notice of the consequences of failing to object." *Valentine v. Varco*, 712 F. App'x 347, 349 (5th Cir. 2017) (per curiam) (citations omitted) (unpublished); *see Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825–26 (5th Cir. 2015) (applying plain error review to a grant of summary judgment when the appellant did not object to the magistrate's report and recommendation); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc) (creating the rule that bars a party from appellate review, except upon grounds of plain error, of "unobjected-to proposed findings and conclusions" by the magistrate judge that have been accepted by the district court if a party "has been served with notice that such consequences will result from a failure to object"), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

A *de novo* review may be appropriate in limited cases, such as when a district court engages in an independent evaluation of the record despite the failure of a party to object to the report and recommendation. *See Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 & n.5 (5th Cir. 2005). In *Guillory*, the district court's order did not state that it conducted a plain error review when it accepted the magistrate judge's report and recommendation based on an "independent review of the record." *See Guillory v. PPG Industries, Inc.*, Civ. 2:03-cv-882-JTT-APW, No. 53 (W.D. La. Sept. 22, 2004). That is not the case here. Here, the district court explicitly stated it conducted a plain error

No. 22-50916

review of the report and recommendation before unequivocally adopting the magistrate's report and recommendation. Accordingly, we review for plain error. *See Ortiz*, 806 F.3d at 825–26.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A factual issue is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party, and material if its resolution could affect the outcome of the action." *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 226 (5th Cir. 2015) (citations and internal quotations omitted). "Courts must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020).

### B. Quintero's Title VII Pregnancy Discrimination Claim

A plaintiff asserting a Title VII discrimination claim carries the initial burden of establishing a *prima facie* case of pregnancy discrimination. *Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 228 (2015) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Quintero relies on statements made by Dominguez after the disclosure of her pregnancy, including statements made during the hiring of new staff to satisfy this burden. Accordingly, we agree with the district court's finding that this evidence sufficiently carried Quintero's initial burden of showing pregnancy discrimination.

After the plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the employer "to articulate some legitimate, non-discriminatory reason[s] for" the adverse employment action against the plaintiff. *Young*, 575 U.S. at 213 (citing *McDonnell Douglas*, 411 U.S. at 802). Appellee argues it dismissed Quintero because of her alleged insubordination

No. 22-50916

and failure to follow directions, identifying incidents such as Quintero's failure to speak to a nurse and complete an assigned presentation. Accordingly, we agree with the district court's finding that this proffered evidence was sufficient to show that HHSC had a legitimate, non-discriminatory reason for Quintero's dismissal.

Whether Quintero proffered substantial evidence to show pretext is a much closer question. Quintero failed to clearly articulate pretext arguments before the district court. In the district court, Quintero argued (1) she was not notified of the reason for her termination upon her dismissal, (2) the specific incidents of insubordination and failure to follow directions raised by Appellee did not occur or were not reasons for dismissal because there was no documentation or corrective action, and (3) the temporal proximity between the protected activity and her dismissal showed pretext. On appeal, Quintero has offered new theories of pretext. These new allegations of pretext will not be considered because Quintero did not articulate these theories before the district court. *See, e.g.*, *Intercity Ambulance Emergency Med. Technicians, LLC v. City of Brownsville, Texas*, 655 F. App'x 1005, 1008 (5th Cir. 2016) (per curiam).

First, there is no genuine dispute that Quintero was dismissed during her probationary period, and her termination letter identified insubordination and failure to follow directions as the reason for her dismissal. Second, Quintero admitted she committed the incidents HHSC complained of, such as forgetting to prepare an assigned presentation and not following instructions. In light of these admissions,[1] Quintero does not offer evidence sufficient to show Appellee's reasons for dismissal lack truth or

---

[1] While before the district court, Appellant argued there was a "dearth" of evidence about the alleged insubordination and failure to follow instructions. Her own admission that these acts occurred renders the lack of documentation irrelevant.

Case 3:20-cv-00251-FM   Document 50   Filed 09/19/23   Page 7 of 11
Case: 22-50916   Document: 00516899901   Page: 6   Date Filed: 09/19/2023

No. 22-50916

credence. *See e.g.*, *Collier v. Dallas Cnty. Hosp. Dist.*, 827 F. App'x 373, 376 (5th Cir. 2020) (per curiam), *cert. denied*, 141 S. Ct. 2657 (2021) (finding appellant did not meet his burden when there was no dispute that certain insubordinate acts occurred, and no other evidence of pretext was offered). Finally, Quintero's argument that the timing of her dismissal demonstrates pretext fails because Quintero has not shown she engaged in a protected activity. *See infra*, Section III.D.

Accordingly, Quintero failed to show pretext before the district court, and we affirm its ruling regarding pretext at the motion for summary judgment phase.

### C. Quintero's Title VII Retaliation Claim

Quintero argues that she presented sufficient evidence to support a retaliation claim because she "was retaliated against when [she] complained about the unfair treatment… because of my pregnancy." Quintero also characterizes her termination as retaliation in response to her pregnancy.

We affirm the district court's finding that the retaliation claim should be dismissed. "An employee has engaged in protected activity when [she] has (1) 'opposed any practice made an unlawful employment practice' by Title VII [opposition clause] or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII [participation clause]." *Riley v. Napolitano*, 537 F. App'x 391, 392 (5th Cir. 2013) (per curiam) (alterations in original, citations omitted). Quintero's disclosure of her pregnancy does not rise to the level of a protected activity for the purposes of a Title VII retaliation claim because a disclosure of this type does not fall under the opposition or participation clause. Similarly, Quintero's general complaint about Dominguez's "unfair treatment" and "rude behavior" does not rise to the level of making a charge of discrimination. Making a general complaint about mistreatment or

Case 3:20-cv-00251-FM Document 50 Filed 09/19/23 Page 8 of 11
Case: 22-50916 Document: 00516899901 Page: 7 Date Filed: 09/19/2023

No. 22-50916

"hostile work environments" does not qualify as a protected activity under Title VII. *Davis v. Dallas Indep. Sch. Dist.*, 448 F. App'x 485, 493 (5th Cir. 2011) (per curiam) (collecting cases to support a finding that a complaint about a "hostile work environment" did not comprise a "protected activity" under Title VII).

Accordingly, Quintero has not raised sufficient facts to show she engaged in a protected activity.

### D. Quintero's Title VII Hostile Work Environment Claim

Quintero argues there was a hostile environment because Dominguez yelled at Quintero, changed Quintero's shifts at the last minute and without notice, and falsely accused Quintero of being inflexible, insubordinate, and unable to follow instructions after Dominguez discovered Quintero's pregnancy. Appellee argues that Dominguez is "a demanding supervisor and tough on everybody." Appellee argues that even though the workplace may have been uncivil, Quintero did not show this lack of civility was based on Quintero's status as a pregnant woman.

The district court found that Quintero only offered unsubstantiated accusations and conclusory allegations that the alleged harassment occurred because of Quintero's protected status. But "[w]hether [Quintero's] allegations are too vague to ultimately carry the day is a credibility determination, or requires weighing the evidence, both of which are more appropriately done by the trier of fact." *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 436 (5th Cir. 2005). There is evidence on both sides as to whether Dominguez treated Quintero differently, and more harshly, than other employees, including the testimony of other employees. Similarly, there is evidence on both sides as to Dominguez's motivation for the allegedly hostile conduct.

No. 22-50916

However, after reviewing the relevant evidence and drawing all reasonable inferences in Quintero's favor without making any credibility determinations, we agree with the district court's assessment that the conduct alleged by Quintero was not sufficiently severe or pervasive to affect a term or condition of her employment. Title VII is not a "general civility code" and the conduct Quintero complains of, even when taken as true, comprises "the ordinary tribulations of the workplace, such as the sporadic use of abusive language," poor communication, and scheduling issues. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). The conduct at issue here does not rise to the level of "extreme" that amounts to a change in the terms and conditions of employment. *Id.* At most, Quintero's evidence, when taken as true, shows that the work environment was uncomfortable—but an uncomfortable workplace is not sufficient to sustain a claim of hostile work environment under Title VII. *See, e.g.*, *Kumar v. Shinseki*, 495 F. App'x 541, 543 (5th Cir. 2012) (per curiam).

For these reasons, we AFFIRM the district court's ruling on summary judgment.



# United States Court of Appeals for the Fifth Circuit

Certified as a true copy and issued as the mandate on Sep 19, 2023

Attest:
*Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

No. 22-50916

United States Court of Appeals
Fifth Circuit

**FILED**
August 15, 2023

Lyle W. Cayce
Clerk

Vanessa Quintero,

*Plaintiff—Appellant,*

versus

State of Texas - Health and Human Services Commission,

*Defendant—Appellee.*

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:20-CV-251

Before Duncan and Wilson, *Circuit Judges*, and Schroeder, *District Judge.**

JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

---

* United States District Judge for the Eastern District of Texas, sitting by designation.

No. 22-50916

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

IT IS FURTHER ORDERED that plaintiff-appellant pay to defendant-appellee the costs on appeal to be taxed by the Clerk of this Court.